# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

BRANDON LEE MOJICA,

   Petitioner,

v.               Case No.: 5:23-cv-233-WWB-PRL

WARDEN, FCC COLEMAN – LOW,

   Respondent.
_____/

## ORDER

  Petitioner Brandon Mojica, an inmate of the federal penal system, initiated this action by filing a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  In his petition, Petitioner asserts the Bureau of Prisons ("**BOP**") is violating the First Step Act ("**FSA**") by failing to award him FSA time credit to which he is entitled.  (Doc. 1 at 6).  Petitioner argues that the BOP is refusing to calculate and apply over 700 days of earned FSA time credits to his sentence, despite the fact that he is no longer serving a sentence for a disqualifying offense under § 3632(d)(4)(D).  (Doc. 1-1 at 1).  As relief, Petitioner seeks an order from the Court directing the BOP to calculate and apply all of the FSA time credits he has earned to reduce his sentence.  (Doc. 1 at 7).

  Respondent, the Warden of FCC Coleman – Low, seeks denial of the petition, asserting Petitioner is ineligible for the relief he seeks.  (Doc. 7 at 1).  Petitioner filed a reply to Respondent's response asserting "[he] is currently serving a sentence for a conviction that does not render him ineligible to earn FSA credits[.]"  (Doc. 8 at 2).  This matter is ripe for review.

I. **BACKGROUND**

On April 24, 2017, Petitioner was sentenced to thirty-six months incarceration for one count of aiding and abetting armed bank robbery, a violation of 18 U.S.C. §§ 2113(a) and (d), and eighty-four months incarceration for one count of aiding and abetting brandishing a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii).  *See United States v. Mojica*, No. 6:16-cr-239-RBD-TBS, Doc. 63 (M.D. Fla. Apr. 28, 2017).  The court ordered Petitioner's sentences to be served consecutively to each other, for a total term of 120 months.  *See id*.  Petitioner is scheduled to be released from custody on May 26, 2025.  *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 21, 2024).

II. **ANALYSIS**

Habeas is the "exclusive remedy" for prisoners seeking "immediate or speedier release from confinement."  *Skinner v. Switzer*, 562 U.S. 521 (2011); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973).  The only relief that can be gained in a habeas action is an immediate or speedier release.  *See Rose v. Mitchell*, 443 U.S. 545, 586 (1979) (Powell, J., concurring with the judgment and noting that "the very purpose of the Great Writ is to provide some means by which the legality of an individual's incarceration may be tested"); *see also Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (noting that the "sole function of habeas corpus is to

provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose").[1]

Under the First Step Act of 2018, Pub. L. No. 115-391, §§ 101–102, 132 Stat. 5194, eligible inmates who successfully complete certain evidence-based recidivism reduction programming or productive activities may receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). Importantly, however, not all inmates are eligible to earn or apply such credits as outlined by the statute. Specifically, § 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13. Additionally, § 3632 provides that certain prisoners are ineligible to receive time credits, such as those who have been convicted of certain enumerated offenses, 18 U.S.C. § 3632(d)(4)(D) (listing forty-nine offenses).

Here, it is undisputed that Petitioner was convicted of an offense listed in § 3632(d)(4)(D), which disqualifies him from earning FSA time credits to be applied towards his sentence. The statute provides that an inmate is ineligible to receive time credits if the inmate is serving a sentence for a conviction under § 924(c), relating to unlawful possession or use of firearm during and in relation to any crime of violence. 18 U.S.C. § 3632(d)(4)(D)(xxii). Petitioner concedes and Respondent confirms that Petitioner was in fact convicted of aiding and abetting brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 1-1 at 4; Doc. 7 at 1). Petitioner, however, asserts that he is nonetheless eligible to receive FSA time credits

---

[1] In *Bonner v. City of Pritchard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

because he is not *currently* serving a sentence for a disqualifying offense. (Doc. 1-1 at 1). Petitioner argues that he has completed his eighty-four-month sentence for his § 924(c) offense and is now serving a separate and distinct thirty-six-month sentence for a non-disqualifying offense under § 3632.

The issue before the Court is the definition of the word "sentence" in § 3632, and whether it refers to a prisoner's single aggregated term of incarceration or whether it refers only to the term of years given for the 924(c) offense. The distinction matters here because in the Eleventh Circuit "a § 924(c) sentence must be served before a sentence for the underlying offense." *U.S. v. Brundidge*, 170 F.3d 1350, 1354 (11th Cir. 1999). Petitioner was sentenced to eighty-four months for his 924(c) conviction and has completed that time. Therefore, if the word "sentence" in § 3632(d)(4)(D) means only the term of years assigned for the 924(c) offense, Petitioner would be eligible to earn time credits for the remainder of his imprisonment. However, if, as Respondent asserts, the word "sentence" means a single aggregated term of imprisonment, Petitioner remains ineligible to earn time credits for the remainder of his incarceration.

The Court ultimately agrees with Respondent. The calculation of a prison term and the administration of a sentence is the responsibility of the Attorney General, through the BOP. *See United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *see also* 18 U.S.C. § 3621(a). Further, pursuant to 18 U.S.C. § 3584(c) "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Provision of time credits, like those earned under § 3632, is an administrative function of the BOP. *See United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time

4

served" as the BOP's administrative duty). Because § 3632(d)(4)(D) addresses inmates' eligibility to earn time credits, the provision of which is an administrative function, it follows that the word "sentence" cannot be defined without reference to § 3584(c)'s aggregation mandate. Thus, as Respondent highlights, the BOP is statutorily mandated to aggregate sentences for administrative purposes. 18 U.S.C. § 3584(c). The Court, therefore, finds that Petitioner is serving a single, aggregated sentence that includes his 924(c) conviction, rendering him ineligible to earn FSA time credits for his entire term of imprisonment.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc.1) is **DENIED with prejudice**.
2. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Orlando, Florida, on June 26, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties